UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL BRIGGS,

    Petitioner,

v.

KENNETH ROMANOWSKI, *Warden*

    Respondent.

Case No. 2:15-cv-10410-LJM-RSW
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS [1]**

In June 2012, a 16 year-old male approached a woman in a store parking lot, pointed a gun at her, demanded her car keys, and got in her car and drove away.

The State of Michigan charged Petitioner Emmanuel Briggs with the crime. In particular, Briggs was charged as an adult with armed robbery in violation of Michigan Compiled Laws § 750.529 and carjacking in violation of Michigan Compiled Laws § 750.529a. (R. 1, PID 34.)

While the criminal case was pending, Briggs pleaded guilty to lesser charges based on the same conduct but pursued in a separate juvenile delinquency proceeding. In particular, in August 2012, Briggs pleaded to possessing or concealing a stolen motor vehicle in violation of Michigan Compiled Laws § 750.535(7). (R. 1, PID 28.) Briggs also pleaded to "violating" a provision of Michigan laws requiring that a criminal defendant be informed in the complaint or information that he will lose his license if convicted of a felony in which a motor vehicle was used. *See* Michigan Compiled Laws § 257.732(7); (R. 1, PID 28).

A few months later, in November 2012, Briggs knowingly and voluntarily pleaded guilty to the armed robbery and carjacking charges prosecuted in the criminal case. (R. 11, PID 152.) Briggs was sentenced to a minimum of 83 months in prison. (R. 1, PID 2.)

In June 2013, Briggs filed a motion in the criminal case to vacate his convictions. (R. 11, PID 168–94.) Briggs argued that, given his plea in the delinquency proceeding, the carjacking and armed robbery convictions should be vacated on the grounds that they violated double jeopardy or were barred by the doctrine of claim preclusion. (*See generally id.*) The state trial court denied the motion (R. 11, PID 200–07), the Michigan Court of Appeals denied Briggs' delayed application for leave to appeal for lack of merit (R. 11, PID 208), and the Michigan Supreme Court denied leave to appeal, as it was not persuaded that Briggs had presented a question that warranted leave (R. 11, PID 256).

Briggs now seeks a writ of habeas corpus from this Court. His argument is that the carjacking and armed-robbery convictions are barred by the prior delinquency proceeding. Briggs asserts (1) "the proceedings within [the] adult court for the same conduct as the adjudication in juvenile court should be deemed a violation of the protections against double jeopardy as it is a second prosecution for the same offense after the juvenile proceedings"; (2) "the punishment in the adult court should be deemed a multiple punishment[] for the same offense as the facts of the case are the same"; (3) his "Receiving and Concealing adjudication and the Armed Robbery conviction are barred by the same elements test of *Blockburger v United States*"; and (4) the doctrine of res judicata (or more precisely, claim preclusion) bars the criminal case. (R. 1, PID 20–22.)

The first three of these arguments seem to overlap and are amenable to two constructions. Briggs may be arguing that prosecuting the armed robbery in the criminal proceeding after prosecuting the offense of receiving or concealing a stolen motor vehicle in the delinquency proceeding violated the Double Jeopardy Clause because they are the "same offence," *see* U.S Const. amend V.

The state trial court rejected this claim. It applied the same-offense test of *Blockburger v. United States*, 284 U.S. 299 (1932), and ruled that "[t]here is no overlapping the elements of carjacking and receiving and concealing." (R. 11, PID 205.) And because the Michigan Court of Appeals denied leave for lack of merit, and the Supreme Court was not persuaded that it should address Briggs' claims, this Court looks through those opinions to the state trial court's oral ruling and asks whether its on-the-merits determination was an "unreasonable" application of *Blockburger*. *See* 28 U.S.C. § 2254(d); *Guilmette v. Howes*, 624 F.3d 286, 291–92 (6th Cir. 2010) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

While the Court declines to find that there are "no" overlapping elements between possessing or concealing a stolen motor vehicle, Mich. Comp. Laws § 750.535(7) and carjacking, Mich. Comp. Laws § 750.529a, the Court agrees with the state trial court that they are not the same offense under *Blockburger*. *Blockburger* provides that if each of two offenses requires "proof of a fact which the other does not," then the two offenses are not the "same offence" as that term is used in the Double Jeopardy Clause of the Fifth Amendment. 284 U.S. at 304.

Michigan Compiled Laws § 750.535(7) (West 2012) and § 750.529a (West 2012) pass this test. In particular, § 750.535(7) prohibits "buy[ing], receiv[ing], possess[ing], conceal[ing], or aid[ing] in the concealment of a stolen motor vehicle knowing, or having reason to know or reason to believe, that the motor vehicle is stolen, embezzled, or converted" whereas § 750.529a prohibits "us[ing] force or violence or the threat of force or violence, or . . . put[ting] in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle" "in the course of committing a larceny of a motor vehicle." Thus, carjacking requires proof of (1) "force or violence" (or the threat thereof) or (2)

3

putting someone in fear, whereas possessing or concealing a stolen motor vehicle requires neither. On the flip side, possessing or concealing a stolen motor vehicle requires proof of "a stolen motor vehicle" whereas carjacking does not require the vehicle to have actually been stolen ("'in the course of committing a larceny of a motor vehicle' includes acts that occur in an attempt to commit the larceny," § 750.529a(2)). *See also People v. Beck*, No. 262682, 2006 WL 2848112, at *2 (Mich. Ct. App. Oct. 5, 2006) ("[C]arjacking does not necessarily encompass the elements of receiving and concealing because carjacking involves the actual stealing of the vehicle rather than the identity of the vehicle as being *previously* stolen.").

Alternatively, the first three of Briggs' arguments might be understood as asserting that the Double Jeopardy Clause requires a single criminal proceeding to adjudicate all offenses arising out of the same conduct. If this is Brigg's argument, the Court disagrees with it. True, in *Grady v. Corbin* the Supreme Court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. 508, 510 (1990) (emphasis added). But in *United States v. Dixon*, the Supreme Court overruled this holding from *Grady*, finding that *Grady*'s "same conduct" test lacked "constitutional roots" and was "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." 509 U.S. 688, 704 (1993). And in *Robertson v. Morgan*, the Sixth Circuit rejected the claim that the Double Jeopardy Clause prohibited the prosecution of an offense in a criminal proceeding even though a different offense—based on the same conduct—had been adjudicated in an earlier delinquency proceeding. 227 F.3d 589, 592 (6th Cir. 2000). Thus, the Court is not convinced that prosecuting

4

Briggs of different offenses in two different proceedings, even if the offenses were based on the same conduct, violated the Double Jeopardy Clause.

Finally, Briggs' argument that claim preclusion prevented the criminal proceeding does not warrant habeas relief. Even assuming that the criminal court should have found that the carjacking and armed robbery charges were precluded because of the prior delinquency proceedings, Briggs has not shown that the state court's failure to apply claim preclusion was anything but a failure to correctly apply state law. And "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). True, violations of state law may warrant habeas corpus relief if the violation deprives a defendant of the fundamental fairness guaranteed by the Due Process Clause. *See Durr v. Mitchell*, 487 F.3d 423, 446–47 (6th Cir. 2007). The unfairness here would be from having to twice defend (different) criminal charges based on the same conduct. *See Hoag v. State of N.J.*, 356 U.S. 464, 467 (1958) ("We do not think that the Fourteenth Amendment always forbids States to prosecute different offenses at consecutive trials even though they arise out of the same occurrence. The question in any given case is whether such a course has led to fundamental unfairness."). But the Supreme Court has suggested, if not held, that the Due Process Clause provides no greater double-jeopardy protection than the Double Jeopardy Clause. *Sattazahn v. Pennsylvania*, 537 U.S. 101, 116 (2003); *see also United States v. Neto*, 659 F.3d 194, 201 (1st Cir. 2011) ("We . . . reject Neto's contention that the Due Process Clause of the Fifth Amendment supplements the protections provided by the Double Jeopardy Clause in this case."). And Briggs has not made an argument otherwise. As such, the Court will not grant Briggs a writ of habeas corpus on the grounds that claim preclusion should have barred prosecution for carjacking and armed robbery.

5

For the reasons given, Briggs' petition for a writ of habeas corpus is DENIED. And the Court does not believe that reasonable jurists could disagree with the above findings or that Briggs should be encouraged to pursue his claims further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). So the Court will also DENY Briggs a certificate of appealability. Should Briggs nonetheless pursue his claims in the Court of Appeals, he may do so without prepaying the filing fee. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Dated: September 7, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 7, 2016.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson